| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| **Caption in Compliance with D.N.J. LBR 9004-1**<br>DENISE CARLON, ESQUIRE<br>KML LAW GROUP, P.C.<br>Sentry Office Plz<br>216 Haddon Ave.<br>Suite 406<br>Westmont, NJ 08018<br>(215)627-1322<br>dcarlon@kmllawgroup.com<br>Attorneys for Movant<br>Banc of America Funding Corporation 2006-5, U.S.<br>Bank National Association, as Trustee | **Order Filed on March 18, 2019<br>by Clerk, U.S. Bankruptcy<br>Court - District of New Jersey** |
| In Re:<br><br>Sujay K. Sinha,<br><br>Debtors. | Case No.:  19-11506 SLM<br>Adv. No.:<br>Hearing Date:  3/27/19 @ 8:30 a.m.<br><br>Judge:  Stacey L. Meisel |

## ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTORS' CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through three (3) is hereby
**ORDERED**

**DATED: March 18, 2019**

Stacey L. Meisel
Honorable Stacey L. Meisel
United States Bankruptcy Judge

Page 2
Debtor:              Sujay K. Sinha
Case No.:            19-11506 SLM
Caption:             **ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO
                     DEBTORS' CHAPTER 13 PLAN**

This matter having been brought before the Court by KML Law Group, P.C., attorneys for Secured Creditor, Banc of America Funding Corporation 2006-5, U.S. Bank National Association, as Trusteenot in its individual capacity but solely as trustee on behalf of OWS REMIC Trust 2013-2, holder of a mortgage on real property located at 33 Beech Street, Elmwood Park, NJ 07407, Denise Carlon appearing, by way of objection to the confirmation of Debtors' Chapter 13 Plan, and this Court having considered the representations of attorneys for Secured Creditor and Ronald I. Levine, Esquire, attorney for Debtor, Sujay K. Sinha, and for good cause having been shown;

It **ORDERED, ADJUDGED and DECREED** that Debtors shall obtain a loan modification by May 27, 2019, or as may be extended by an application to extend the loss mitigation period; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that the Debtor is to make regular post-petition payments in accordance with the loss mitigation order while the loss mitigation period is active; and

It is further **ORDERED, ADJUDGED and DECREED** that the trustee is not to pay the arrears per the plan while the loan modification is pending

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor does not waive its rights to the pre-petition arrears or the difference between the regular post-petition payment and the loss mitigation payment, or any other post-petition arrears that may accrue; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that if loan modification is unsuccessful, Debtors shall modify the plan to address Secured Creditor's pre-petition arrears, either by curing the arrears, selling the property, surrendering the subject property, or in a manner otherwise permitted by the code; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor's objection to confirmation is hereby resolved.